1 | LUBIN & ENOCH, P.C.
Jarrett J. Haskovec
2 | State Bar No. 023926
Stanley Lubin
3 | State Bar No. 003076
349 North Fourth Avenue
4 | Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
5 | Facsimile: (602) 626-3586
Email: Jarrett@lubinandenoch.com
6 | Attorneys for Plaintiff

7 | **IN THE UNITED STATES DISTRICT COURT**

8 | **FOR THE DISTRICT OF ARIZONA**

9 | Leone, Donna, a married       No.
10 | woman,

11 |     Plaintiff,

12 | v.                             **COMPLAINT**

13 | Sprouts Farmers Markets, LLC,
an Arizona Limited Liability
14 | Corporation, d/b/a Sprouts
Farmers Markets; and SFM,LLC,
15 | a Delaware Limited Liability
Corporation, d/b/a Sprouts
16 | Farmers Markets,

17 |     Defendants.

18 | **NOW COMES** the Plaintiff, Donna Leone, by and through

19 | her attorneys, Lubin & Enoch, P.C., bringing this action

20 | pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.

21 | §201, *et seq.* ("FLSA").

22 | <u>**INTRODUCTION**</u>

23 |     1. Donna Leone ("Leone") is a former employee of

24 | Defendants Sprouts Farmers Markets, an Arizona LLC, and,

25 | following an acquisition, SFM, LLC, a Delaware Corporation

26 | (hereinafter collectively referred to as "Defendants" and/or

27 | "Sprouts"). Both entities have done business under the name

28 | "Sprouts Farmers Markets" at all times pertinent hereto.

2. In this lawsuit, Leone alleges that Defendants have willfully contravened her right to be compensated for all overtime due her in accordance with, *inter alia*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207.

**PARTIES**

3. Leone is a resident of Maricopa County, Arizona and has been for all times relevant to this proceeding.

4. Leone is a former employee of Defendants as defined in 29 U.S.C. § 203(e)(1).

5. Sprouts Farmers Markets, the Arizona LLC, was dissolved on or about April 18, 2011, and was acquired by SFM, LLC. SFM, LLC, a Delaware corporation, which does business as Sprouts Farmers Market, is a subsidiary company of Sprouts Farmers Markets Holdings, LLC, a Delaware Limited Liability Corporation, which, in turn, is a subsidiary of Sprouts Farmers Markets, LLC, also a Delaware Limited Liability Corporation. Sprouts is a retail grocery operation that has its headquarters in Phoenix, Arizona. Sprouts is also incorporated, or has reserved names, in Oklahoma, Utah, Texas, and Nevada.

6. Sprouts merged with Henry's Marketplace in 2011 and Sunflower Markets in 2012 under Apollo Management, LP, a large private equity firm that bought a controlling interest in Sprouts stores.

7. After the merger in 2012, Sprouts' presence was expanded to nearly one-hundred and fifty (150) stores in

eight (8) states: Arizona, Texas, California, Colorado, New Mexico, Nevada, Oklahoma, and Utah.

8. Sprouts is an "employer" as defined in 29 U.S.C. §203(d).  During the entire time Leone was employed by Defendants, Defendants had at least two employees.

9. Sprouts is engaged in commerce or in the production of goods for commerce and/or handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and the enterprise's annual gross volume of sales or business done is not less than $500,000.  In addition, while she was employed by Defendants as a paralegal, Leone was engaged in commerce or in the production of goods for commerce.  Among other things, as a paralegal, Leone assisted counsel with negotiating leasing, construction, facilities management, marketing, vendor, and financing contracts for Sprouts stores in a variety of states and regularly interacted and corresponded with numerous internal departments, outside vendors, and outside counsel in various states.

**JURISDICTION AND VENUE**

10. As to the First Claim for Relief, *infra*, jurisdiction is proper pursuant to 28 U.S.C. §1331.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS**

12. From on or about July 14, 2008 through on or about November 2, 2012, Leone was employed by Defendants as a

1  paralegal in the New Store Development Department at the

2  corporate office, located at 11811 North Tatum Boulevard

3  #2400, Phoenix, Arizona 85028.

4      13. Prior to about April 18, 2011, Sprouts Farmers

5  Markets, the Arizona LLC, was Leone's employer, after which

6  time SFM, LLC, became her employer due to the dissolution of

7  the first and its acquisition by the second.

8      14. On or about November 2, 2012, Defendants laid Leone

9  off for the stated reason that her position was being

10 eliminated, and told her someone with more experience would

11 be hired to replace her.

12     15. During her tenure with Sprouts, Leone worked

13 between nine (9) and ten (10) hours per day, five (5) days

14 per week. She typically worked on Mondays from 8:00 a.m.

15 until 7:00 p.m., and Tuesday through Friday from 9:00 a.m.

16 until 7:00 p.m. Leone received paychecks weekly.

17     16. Leone's starting annual salary was $75,000. On or

18 about January of every year, Defendants reviewed Leone's

19 performance and, beginning in January 2009, every review was

20 accompanied by a pay increase. In 2012, her annual salary

21 was $87,776.

22     17. When Leone accepted her employment offer, she was

23 told that her position was exempt from overtime. *See* Exhibit

24 A, attached hereto. In classifying Leone as exempt,

25 Defendants willfully violated the Fair Labor Standards Act

26 under 29 U.S.C. §255 (a). Among other evidence of

27 willfulness, an audit was undertaken in or around 2011,

28                                          4

shortly after the acquisition of Henry's Marketplace. As part of the audit, employees were required to complete a questionnaire that focused on job descriptions and supervision, among other things. Immediately following the audit, co-workers in Leone's suite began clocking in and out, although Leone was advised by her former supervisor, Seth Brown, Vice President of New Store Development, that she did not need to. During a conversation about Leone's employment status in or about July 2012, Joseph Conn, Deputy General Counsel - Real Estate and Leone's new direct supervisor, communicated to her that he believed her position should be classified as non-exempt. No change was ever made to Leone's status. It was at this time that Leone began to suspect that she may have been misclassified, and that she was not being properly compensated for the applicable overtime pay.

18. The burden of proving an exemption under the FLSA is on the employer. *See Klem v. County of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000). It is apparent, in any event, that Leone did not fall under the administrative exemption as her duties do not involve the discretion and independent judgment of the type required by 29 C.F.R §541.202(b). Additionally, Leone does not qualify for the professional exemption or as a learned professional, as set out in 29 C.F.R §§541.3(a)(1) and 541.301(7), given "an advanced specialized degree is not a standard prerequisite for entry into the field." Furthermore, ten (10) DOL opinion letters published between 1979 and 2006 on the subject of

1  paralegal status under FLSA have consistently stated that
2  paralegals and legal assistants are non-exempt from overtime
3  pay. *See, e.g.*, WH Admin. Op. FLSA2005-54 (Dec. 16, 2005); WH
4  Admin. Op. FLSA2006-27 (Jul. 24, 2006); WH Admin. Op.
5  FLSA2005-9 (Jan. 7, 2005).

6      19. Given that the Defendants misclassified Leone, upon
7  information and belief, Defendants did not make, keep, or
8  preserve time sheets or records of hours in compliance with
9  29 U.S.C. §211 and/or C.F.R. Part 516, specifically including
10 29 C.F.R. §516.2(a). A weekly payroll verification sheet for
11 exempt employees illustrating that specific hours worked were
12 not recorded is attached hereto as Exhibit B.

13

14                    **FIRST CLAIM FOR RELIEF**
            **Violation of FLSA Overtime Compensation Standard**

15

16     20. Defendants have willfully failed to compensate
17 Leone for overtime hours she worked as required under 29
18 U.S.C. §207.  Leone is entitled to receive compensation at a
19 rate of one and one-half times (1½ x) the regular wage rate
20 for any hours worked for the Defendants in excess of forty
21 hours in any week plus liquidated damages and attorney's fees
22 and costs pursuant to 29 U.S.C. §216(b), which form an
23 integral part of the relief sought.

24                          **PRAYER**

25     **WHEREFORE**, Leone prays that she recover from Defendants
26 the following:

27

28                            6

1.  An award of unpaid overtime in an amount appropriate to the proof adduced at trial pursuant to 29 U.S.C. §§207 and 216(b);

2.  An award of liquidated damages regarding #1, *supra*, in an amount appropriate to the proof adduced at trial pursuant to 29 U.S.C. §216(b);

3.  Attorneys' fees pursuant to 29 U.S.C. §216(b);

4.  Court costs and costs of litigation pursuant to 29 U.S.C. §216(b); and

5.  Such other and further equitable relief as the Court deems just.


RESPECTFULLY SUBMITTED this 16th day of April, 2013.

LUBIN & ENOCH, P.C.


s/ Jarrett Haskovec
Jarrett Haskovec, Esq.
Attorney for Plaintiff

1

## CERTIFICATE OF SERVICE

2
I hereby certify that on the 16th day of April, 2013, I
electronically transmitted the attached Complaint to the U.S.

3
District Court Clerk's office using the CM/ECF System for
filing.

4

5

s/Tiffany Mitchell

6
F:\Law Offices\client directory\Leone\Pleadings\Complaint.wpd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28